IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SIRENA JONES and JOU MOUA, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONENTRIX SERVICES US, INC.; CONCENTRIX CORPORATION; and CONCENTRIX INSURANCE ADMINISTRATION SOLUTIONS CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br><br>COMPLAINT<br>(Individual and Collective Action) |

COME NOW Plaintiffs, Sirena Jones and Jou Moua (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their undersigned attorneys, and for their Original Complaint—Collective Action against Defendants, Concentrix Services US, Inc., Concentrix Corporation, and Concentrix Insurance Administration Solutions Corporation (collectively "Defendant" or "Defendants"), do hereby state and allege as follows:

**I.     JURISDICTION AND VENUE**

1.    Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq. for declaratory judgment, monetary damages, liquidated damages, treble damages, prejudgment interest, and costs, including

reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and all others similarly situated a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked, and Defendants' failure to pay Plaintiff Jones all wages due within the appropriate time period after terminating her employment.

2. The United States District Court for the District of South Carolina has subject-matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff Jones's claims under S.C. Code Ann. § 41-10-50 form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff Jones's state-law claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of South Carolina.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of South Carolina has personal jurisdiction over Defendants, and Defendants therefore "resides" in South Carolina. In addition, the violations of the FLSA alleged herein occurred, at least in part, within this Judicial District and Division.

6. Plaintiffs were employed by Defendants at their office located in the Greenville Division of the District of South Carolina.

7. The acts alleged in this Complaint had their principal effect within the Greenville Division of the District of South Carolina, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

8. Plaintiff Sirena Jones ("Jones") is a citizen of the United States and a resident and domiciliary of the State of South Carolina.

9. Jones was employed by Defendants as an hourly employee from December of 2018 to July of 2019, and as a salaried employee from July of 2019 to December of 2019.

10. Plaintiff Jou Moua ("Moua") is a citizen of the United States and a resident and domiciliary of the State of South Carolina.

11. Moua was employed by Defendants from January of 2017 to October of 2019, during which she spent approximately one month as a salaried employee.

12. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

13. Separate Defendant Concentrix Services US, Inc. ("Concentrix Services"), is a foreign for-profit corporation.

14. Concentrix Services' registered address for service is CT Corporation System, at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

15. Separate Defendant Concentrix Corporation ("Concentrix Corporation") is a foreign for-profit corporation.

16. Concentrix Corporation's registered agent for service is CT Corporation System, at 75 Beattie Place, Greenville, South Carolina 29601.

17. Concentrix Insurance Administration Solutions Corporation ("CIASC") is a domestic for-profit corporation.

18. CIASC's registered agent for service is CT Corporation System, at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20. Upon information and belief, the revenue generated from Concentrix Services, Concentrix Corporation, and CIASC was merged and managed in a unified manner.

21. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

22. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

### III.     FACTUAL ALLEGATIONS

23.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

24.     At all relevant times herein, each Defendant was an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

25.     At all times material herein, Plaintiffs and those similarly situated have been misclassified by Defendants as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

26.     Defendants provide business services such as direct sales, technical support, customer care, lead management, renewals management, and back-office processing.[1]

27.     During the period relevant to this lawsuit, each Plaintiff worked as a trainer for one or more Defendants.

28.     At all relevant times herein, Defendants directly hired trainers to work in their offices, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.     As trainers, Plaintiffs and similarly situated employees were responsible for setting up for classes, making sure trainees were logged in to the proper systems, teaching certification classes, and helping individual trainees who required additional instruction.

---

[1]     *See* https://www.synnexcorp.com/about-synnex/overview/ last visited January 22, 2020.

30. Plaintiffs and similarly situated employees were required to arrive at work early to make sure their classes were set up and were required to stay after as needed to help trainees who needed additional instruction.

31. Plaintiffs and similarly situated employees regularly worked over forty hours per week.

32. Defendants failed to pay Plaintiffs and similarly situated employees for up to fifteen (15) hours of overtime per week.

33. Plaintiffs and other similarly situated employees did not hire or fire any other employee.

34. Plaintiffs did not provide any input as to who Defendants should hire, and Defendants did not give particular weight to Plaintiffs' recommendations to fire.

35. Plaintiffs did not exercise independent judgment as to matters of significance in the carrying out of their duties.

36. At all relevant times herein, Defendants have deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

37. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

38. Jones's last day of work was on or around December 13, 2019.

39. Jones's final paycheck was received on or around December 27, 2019, which was the next regular payday.

40. Jones's final paycheck did not include all wages due to her for that pay period.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked in excess of forty per week;

B.    Liquidated damages; and

C.    The costs of this action, including attorney's fees.

41. Plaintiffs propose the following class under the FLSA:

**All salaried trainers employed by one or more Defendant at any time within the last three years who were misclassified as "exempt" under the FLSA and who worked more than forty (40) hours in any workweek and who were not paid additional compensation for overtime hours.**

42. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

43. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44. The proposed FLSA class members are similarly situated in that they share the following traits:

A. They were not paid proper overtime wages as required by the FLSA;

B. They worked more than 40 hours in some weeks; and

C. They had substantially similar job duties, requirements, and pay provisions.

45. Plaintiffs are unable to state the exact number of the class but believe that there are approximately twenty (20) other employees who worked as trainers during the relevant time period and were misclassified as salaried employees.

46. Defendants can readily identify the members of the Section 16(b) collective, which encompasses all salaried trainers.

47. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

48. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all times relevant to this Complaint, Defendants have been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 of the FLSA require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying regulations of the United States Department of Labor.

53. At all times relevant times to this Complaint, Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

54. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

55. Defendants' failure to pay Plaintiffs all overtime wages owed was willful.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

57. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all times relevant times to this Complaint, each Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 of the FLSA require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying regulations of the United States Department of Labor.

61. At all times relevant to this Complaint, Defendants misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

62. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each week.

63. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of S.C. Code Ann. § 41-10-50)

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

66. Jones asserts this claim for damages pursuant to S.C. Code Ann. §§ 41-10-50 and 41-10-80.

67. Each Defendant is an employer within the meaning of S.C. Code Ann. § 41-10-10(1).

68. S.C. Code Ann. § 41-10-50 requires an employer to pay all wages due to an employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days.

69. S.C. Code Ann. § 41-10-80 states that if an employer fails to comply with § 41-10-50, the employee may recover an amount equal to three

times the full amount of the unpaid wages, plus costs and reasonable attorney's fees.

70.     Despite the entitlement of Jones to all wages due to her upon receipt of her final paycheck, Defendants failed to pay Jones all wages due to her at that time.

71.     By reason of the unlawful acts alleged herein, Defendants are liable to Jones for monetary damages, treble damages, and costs, including attorney's fees, for failure to pay Jones all wages due to her in her last paycheck.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, Sirena Jones and Jou Moua, each individually on behalf of all others similarly situated, respectfully pray for the following relief:

A.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

B.     An order conditionally certifying this case as a collective action under the FLSA, authorizing the sending of notice to all potential class members, and allowing potential class members to opt into this case as FLSA plaintiffs;

C.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

D.     Judgment for liquidated damages pursuant to the FLSA;

E.     Judgment for actual and liquidated damages pursuant to S.C. Code Ann. §§ 41-10-50 and 41-10-80;

F. Judgment for Jones for treble damages under the SC Payment of Wages Act;

G. For a reasonable attorney's fee, costs, and pre-judgment interest; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**SIRENA JONES and JOU MOUA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

s/ David E. Rothstein                .
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870 (Office)
(864) 241-1386 (Facsimile)
drothstein@rothsteinlawfirm.com

Sean Short (*Pro hac vice* forthcoming)
SANFORD LAW FIRM, PLLC
1 Financial Centre
650 S. Shackleford, Suite 411
Little Rock, AR  72211
(501) 221-0088 (Office)
(888) 787-2040 (Facsimile)
sean@sanfordlawfirm.com

February 4, 2020

Greenville, SC